## CHILD STRUCK AT CROSSING BY TRACTION CAR.

Circuit Court of Hamilton County.

DARWIN STEPHENS, ADMINISTRATOR, V. CINCINNATI TRACTION
COMPANY.

Decided, May 1, 1909.

*Negligence—In Operation of Traction Car Approaching a Crossing—
Child Struck and Killed—Speed of Car Proximate Cause—Whether
Speed was Reasonable a Question for the Jury—Error in Charge
of Court.*

1. A traction company is not justified in running a car at full speed
   when approaching a public crossing, although it is not a street in-
   tersection, particularly when several children were walking on the
   sidewalk toward the crossing with their backs to the car and in
   full view of the motorman.
2. Where it appears that had the car been running at a maximum rea-
   sonable rate of speed, the child who was struck at the crossing
   would have passed over in safety and the collision would have been
   avoided, then the greater rate of peed at which the car was run-
   ning was the proximate cause of the injury.
3. The question what was a reasonable or unreasonable rate of speed
   at that particular place and under all the circumstances was one
   for determination by the jury.
4. An instruction to the jury in such a case, which requires that a ver-
   dict be returned for the defendant without regard to any act of
   negligence on the part of the company in the running of its car
   prior to the instant the child attempted to cross the track, is er-
   roneous.

*E. S. Aston* and *Thos. L. Michie,* for plaintiff in error.
*Outcalt & Hickenlooper,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The negligence charged in the petition is running one of de-
fendant's cars at a dangerous rate of speed, omitting to keep
a proper lookout, omitting to give proper signal, and omitting
to apply brakes and check the speed of the car while the deceased
was crossing the highway at a public crossing. The jury re-
turned a verdict for the defendant, and the only error relied on
is the giving of the following instruction in writing before argu-
ment:

"If the jury find from the testimony in this case that the deceased, Emily Stephens, so suddenly left the sidewalk on the north side of Liston avenue and ran into the street diagonally toward the car tracks, that the motorman of said car could not, in the exercise of ordinary care, have anticipated the action of the child, in so leaving the sidewalk and running into the street, in time to avoid a collision, and that a collision did occur between said car and said child, resulting in injuries to the child from which she subsequently died, then I charge you that such collision was an accident for which the defendant traction company would not be liable, and your verdict must be for the defendant."

It is claimed by counsel for plaintiff in error that this instruction takes from the consideration of the jury all questions of negligence of the defendant in operating its car prior to the time that the little girl left the sidewalk. While on the other hand, counsel for the defendant in error claim that it is immaterial at what rate of speed the car was running, as the collision would have occurred although the car was running at a reasonable rate of speed, and that therefore the speed of the car was not the proximate cause of the collision.

The evidence does not warrant the latter assumption, as plaintiff's testimony tended to prove that the car was running at the rate of twenty miles an hour, and the motorman called by defendant testified that the speed was the highest at which the car could be operated.

Plaintiff's evidence tended to prove further that while the child ran from the curb to the point of collision, a distance of about seven feet, the car moved 180 feet, and that if the car had been running at the rate of ten miles an hour the child could have run seven feet further to a place of safety before the car reached the point of collision.

The distinct qualification of the special instruction is contained in the clause "in time to avoid a collision."

The faster the speed the less time the motorman had to avoid a collision; and if by running the car at a maximum reasonable rate of speed the child could and would have passed over the track in safety, then the greater rate of speed was undoubtedly the proximate cause of the collision. The question of what was

a reasonable or unreasonable rate of speed at this place and under the circumstances was properly for the jury. We can not say as matter of law that any speed greater than ten and less than twenty miles an hour would be unreasonable and dangerous; but it is clear that the defendant was not justified in running its car at full speed, without warning, when approaching a public crossing although the same was not a street intersection. The very fact that several children with their backs to the car were walking on the sidewalk toward the crossing, although not indicating an intention to cross, called for a warning from the motorman.

The jury were bound, under this instruction, to return a verdict for the defendant, regardless of any alleged act of negligence except not keeping a proper lookout prior to the time when the motorman, in the exercise of ordinary care, could anticipate the action of the child in leaving the sidewalk.

While it is true that the child was not on the flag-stones forming the crossing, yet she was so near to the same that the ordinary precautions required at street crossings would probably have protected her. At all events the jury were not permitted to determine such questions. We think the court erred to the prejudice of the plaintiff.

Judgment reversed and cause remanded.